For the reason stated the judgment under review must be reversed.

---

THE STATE, DEFENDANT IN ERROR, v. FRANK MAGYAR ET AL., PLAINTIFFS IN ERROR.

Submitted March 17, 1921—Decided June 21, 1921.

1. Section 18 of the Crimes act (*Pamph. L.* 1898, *p.* 798) providing that a person convicted of perjury shall thereafter be incapable of giving testimony in any court of this state has been abrogated by the first section of the Evidence act (*Comp. Stat., p.* 2217), which enacts that "no person offered as a witness in any action or proceeding of a civil or criminal nature shall be excluded by reason of his having been convicted of crime."

2. The fact that a witness, called to testify as to what he said before the grand jury, had been intoxicated when he appeared before that body, does not affect his competency, but only goes to the credit to be given to his testimony, which credit is a matter to be determined by the jury.

3. If a party, whose act is under investigation by the grand jury, or a third person, seeks out one who has knowledge of the facts involved, and under a belief that he is likely to be brought before the grand inquest, solicits, instigates and persuades him to falsely testify before the grand jury with relation to the subject-matter of the investigation, and he yields to the solicitation, and does by reason thereof commit perjury, the party at whose instigation he swears falsely is guilty of subornation of perjury.

---

On error to the Middlesex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the plaintiff in error, *Thomas Brown.*

For the state, *Joseph E. Stricker,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The defendants (three in number) were indicted for and convicted of the crime of subornation of perjury.   The case of the state was that one of them, Steve Vukscevich, had been arrested upon a charge of carnal abuse committed upon the body of a, girl named Julia Santo, who was then under the age of sixteen years; and that thereupon the defendants corruptly solicited and instigated the father of this girl to falsely testify before the grand jury that the girl was then over eighteen years of age; and that he so testified.

The grounds upon which this court is asked to reverse the conviction will be considered in the order in which they have been argued.

First, it is contended that the court improperly permitted the father of this girl, Steve Santo, to testify as a witness on the part of the state.   The argument is that he was incompetent because it had already appeared in the case that he had been convicted of perjury on his own plea, and that the effect of this conviction was to render him incapable thereafter of giving testimony in any court of this state, this being the provision of section 18 of the Crimes act of 1898. *Pamph. L., p.* 798.   But this provision was abrogated by the first section of our act concerning evidence, as revised in the year 1900 (*Comp. Stat., p.* 2217), which enacts that "no person offered as a witness in any action or proceeding of a civil or criminal nature shall be excluded by reason of his having been convicted of crime, but such conviction may be shown on the cross-examination of the witness, or by the production of the record thereof for the purpose of affecting his credit." *State* v. *Henson,* 66 *N. J. L.* 601: *State* v. *Wendell,* not yet re-

ported but decided by this court at our last-stated term.  See
*post p.* 495.

It is further said that the witness was incompetent to tes-
tify, for the reason that he could not remember what took
place before the grand jury, because when he appeared before
that body he was grossly intoxicated, and that the proofs so
show.  But, assuming that this fact appeared, it did not affect
the competency of the witness, but only went to the credit to
be given to his testimony, and this, of course, was a matter to
be determined by the jury.

The action of the trial court in refusing to exclude Santo
as a witness was entirely proper.

Next, it is said that the trial court improperly refused to
direct a verdict of acquittal—first, because the witness Santo
was so intoxicated at the time of his appearance and examina-
tion before the grand jury that he did not know or appreciate
the fact that he was taking an oath, and second, because there
was no corroboration of the witness' testimony, and that the
defendants could not be convicted upon the uncorroborated
testimony of a single witness.  The first contention is disposed
of by what has already been said.  As to the second, the asser-
tion that Santo's testimony stood uncorroborated is contrary
to the fact, as an examination of the proofs sent up with the
writ clearly discloses; particularly the testimony of the wife
of the witness which was amply sufficient for the purpose.

Next, it is argued that there was error in the following in-
struction to the jury:  "In order to find the defendants guilty
the state must prove that there was an investigation pending
before the grand jury at the time the oath alleged to be false
was taken; that Santo was to be called as a witness before
that body or was likely to be called as such witness, and that
Santo and the defendants knew that he was to be called, or was
likely to be called, and that the defendants, having knowledge
of these conditions, advised and instigated Santo to swear
falsely."  The point made by the defendants is that the crime
of subornation of perjury could not be committed by them
unless they knew as a fact that an investigation into the
charge laid against the defendant Vukscevich was actually

pending before the grand jury and that Santo was to be called as a witness before that body to testify with relation to that charge; and that the defendants could not be guilty merely because they believed that Santo was likely to be called as such witness, and because of that belief advised and instigated him to swear falsely. In our opinion, the excerpt complained of was an accurate exposition of the law upon the subject. The mere fact that a person having knowledge of material facts bearing upon an investigation pending before the grand jury has not been subpoenaed as a witness, and may perhaps not be called, is immaterial. If, in that situation, the party whose act is under investigation, or a third person, seeks out one who has knowledge of the facts involved, and, under a belief that he is likely to be brought before the grand inquest, solicits, instigates and persuades him to falsely testify before the grand jury with relation to the subject-matter of the investigation, and he yields to the solicitation, and does by reason thereof commit perjury, the party at whose instigation he swears falsely is guilty of subornation of perjury. No authority has been called to our attention holding otherwise, nor has our independent examination disclosed the existence of any.

Lastly, it is said that the court erred in stating to the jury as a fact that "on November 30th, 1919, there had been a complaint made against Vukscevich that he carnally knew and abused Julia Santo, a female child under the age of fifteen years, and that this complaint was being investigated before the grand jury on December 8th"—the latter being the date upon which Steve Santo appeared before that body. It is said that there was no evidence to justify the statement that there was a complaint against Vukscevich as early as November 30th, 1919; but this is not the fact. John Murray, a police officer of Perth Amboy, testified that on that day he arrested Vukscevich on a warrant, which he read to him. This warrant was offered in evidence, and, after examination by the court, was received and marked as an exhibit. The plaintiffs in error have not seen fit to print that exhibit, for some reason or other, probably, through oversight. As a presumption of law, a complaint against Vukscevich must have preceded the

issuing of the warrant, and the warrant itself would disclose what the complaint was. That the warrant was material to the issue being tried must be assumed from the fact of its admission in evidence by the trial court, in the absence of anything in the case which overthrows the presumption; and it could only be material upon the theory that it disclosed on its face that it was based upon a complaint charging Vukscevich with a criminal assault upon this young girl. The contention of counsel, therefore, that the judge in the excerpt from his charge which has been quoted injected into the case a fact that had not been proven is without foundation. We may add that, even if the statement of the trial court was not justified by the fact, we are unable to see how the defendants were injuriously affected by it, because, as it seems to us, it was quite immaterial in determining the question of their guilt or innocence of the charge laid against them whether the original proceeding against Vukscevich was on the day stated by the court or earlier or later.

The judgment under review will be affirmed.