THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
PAUL H. WENDEL, PLAINTIFF IN ERROR.

Submitted July 11, 1921—Decided November 14, 1921.

The first section of the revision of the Evidence act of 1900 (*Comp.
Stat.*, p. 2217) makes all persons competent as witnesses, though
they have been convicted of crime, and without regard to the
character of the crime, and permits prior conviction to be shown,
not to exclude the witness, but to affect his credit with the jury.

On error to the Supreme Court, whose opinion is reported
in 114 *Atl. Rep.* 310.

For the plaintiff in error, *Robert Carey*.

For the defendant in error, *A. Dayton Oliphant*, prosecutor
of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff in error was convicted upon
an indictment for perjury, and that conviction was affirmed in
the Supreme Court.

The only matter argued in the Supreme Court, and the
only matter argued here, related to the admission in evidence
of the testimony of three witnesses produced by the state,
each of whom had been indicted for perjury, and had been
arraigned and pleaded guilty, prior to the trial of the indict-
ment in question.

No objection was made to the testimony of these witnesses
until after it appeared by the cross-examination in each in-
stance that they had been convicted of perjury, and then coun-
sel moved to strike it out upon the ground that it was incom-
petent in view of section 18 of the Crimes act. *Comp. Stat.*,
p. 1748.

The Supreme Court considered that the motion to strike
out the testimony was properly denied for two reasons, the

first of which was that the motion came too late. But we prefer to express no opinion as to that ground.

We prefer to rest our decision upon the second reason given in the Supreme Court, which was the broad ground that the testimony was competent.

As we have indicated, the argument of the plaintiff in error is that a witness is incompetent when it appears in the case that he had been convicted of perjury, and that the effect of that conviction was to render him incapable thereafter of giving testimony in any court of this state, this being the provision of section 18 of the Crimes act of 1898. *Pamph. L., p.* 798. But we are of the opinion that this provision was abrogated by the first section of our act concerning evidence, as revised in the year 1900 (*Comp. Stat., p.* 2217), which provides that—

"No person offered as a witness in any action or proceeding of a civil or criminal nature shall be excluded by reason of his having been convicted of crime, but such conviction may be shown on the cross-examination of the witness, or, by the production of the record thereof, for the purpose of affecting his credit."

Such is the logic and effect of our decision in *State* v. *Henson,* 66 *N. J. L.* 601. Therein the effect of the use of the word "crime," in the first section of the act concerning evidence (*Rev.* 1874; *Gen. Stat., p.* 1397), was considered, in full view of the fact, which was expressly recognized that prior to such revision the statute law provided that no person convicted of perjury should be admitted as a witness. It is to be noted that the language of the first section of the Revision of 1874 is identical with that of section 1 of our Evidence act (*Rev.* 1900; *Comp. Stat., p.* 2217) now under consideration. In that case Mr. Justice Van Syckel, speaking for this court, said:

"The first section of the present act (*Rev.* 1874) is an independent act, and must be construed according to the language employed by the legislature to express its purpose in enacting it. The language is that no person shall be excluded by reason of his having been convicted of crime, but such con-

viction may be shown to affect his credit. \* \* \* The word 'crime' being used without qualification, must be held to be used in its general sense to include any crime. It is not a word of doubtful meaning."

It is also to be noted that our construction of the statute is in harmony with that of the Supreme Court in *State* v. *Magyar*, 114 *Atl. Rep.* 252.

The judgment below will be affirmed.

PARKER, J. (concurring). My vote for affirmance of this conviction is based, first, on the absence of any exception challenging a ruling of the trial court. There is a stipulation between counsel of certain occurrences at the trial, but the testimony is not printed and there is not even a bill of exceptions in the old form. Counsel state that this course was pursued in order to avoid the great expense of printing about one thousand pages of testimony, but in the absence of a bill of exceptions or a certification of the entire proceedings at the trial, our uniform practice has been to affirm the judgment because there is nothing to review. *Synnott* v. *Shaw*, 77 *N. J. L.* 803.

But if the alleged error assigned is to be considered, the judgment was properly affirmed in the Supreme Court on the ground taken in that court that any incompetency of the witnesses known to the defendant should have been urged when they were called to the book, and not deferred until their examination in chief was concluded. *Berryman* v. *Graham*, 21 *N. J. Eq.* 370; *Howell* v. *Ashmore*, 22 *Id.* 261 (at *p.* 267); *Wigm. Ev.*, §§ 486, 586; *Greenl. Ev.*, § 421.

Either one of these grounds was determinative of the writ of error, and I see no good reason for resorting to the *obiter dictum* in *State* v. *Henson*, 66 *N. J. L.* 601, the result of which is to wipe off the statute book one of the penalties for perjury prescribed by the Crimes act, by treating a provision in the Evidence act as *pro tanto* a repealer.

Mr. Justice Kalisch authorizes me to say that he concurs in these views.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPEN-HEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.